**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-500-RJC**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **JOSEPH C. MORRONE, JR.,** ) | |
| ) | |
| Debtor. ) | |
| _____ ) | **ORDER** |
| ) | |
| **JOHN BRETELL,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| **JOSEPH C. MORRONE, JR.,** ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on an appeal of the Bankruptcy Court's Order Denying Motion for Relief from Automatic Stay (Bankr. Case No.19-30708, Doc. No. 67). The matter has been fully briefed and argued. The Court has reviewed the record on appeal, briefing, applicable law, and considered the oral arguments. For the reasons stated herein, the Bankruptcy Court's Order Denying Motion for Relief from Automatic Stay is **AFFIRMED**.

**I.  OVERVIEW**

This matter stems from an appeal by Appellant John Bretell (the "Creditor"), a creditor in Appellee Joseph C. Morrone, Jr.'s Chapter 13 bankruptcy case (the "Debtor") after the Bankruptcy Court denied Creditor's requested relief from the automatic stay in order to enforce a judicial lien against property owned by Debtor and his non-filing spouse as tenants by the entireties. The Debtor's confirmed Chapter 13 plan avoided Creditor's judicial lien as to the Debtor's interest in

that property. The Creditor failed to object to the Chapter 13 plan or otherwise participate in the Chapter 13 plan confirmation process. Thereafter, he sought relief from the automatic stay to enforce its lien on the same property as to the non-filing spouse's interest in the property. The Creditor sought to exercise his rights in the property before the Debtor receives a discharge and his lien is avoided as to the Debtor's interest in the property because entireties property is only subject to joint obligations.

The Bankruptcy Court granted the Creditor's relief from the co-debtor stay to exercise whatever rights the Creditor has against the non-filing spouse and denied the Creditor's motion for relief from the stay as to the Debtor. The Bankruptcy Court concluded the Creditor was bound by the terms of the Debtor's Chapter 13 plan and the Creditor was adequately protected as to the Debtor's interest in the property under the plan because the Creditor would receive payment in full.

## II. BACKGROUND

### A. The Creditor's Judgment

On May 27, 1997, the Creditor obtained a judgment[1] from the Court of Common Pleas of Jefferson County, Ohio, against the Debtor, the Debtor's spouse, and two other parties for failure to pay outstanding amounts due to the Creditor on a promissory note. The Debtor failed to satisfy the Judgment, and in subsequent years the Creditor took the actions required under Ohio law to maintain its Judgment. (Bankr. Doc. 44, ¶ 10 & Ex. B). In 2018, the Creditor domesticated the Judgment in Union County, North Carolina, where Debtor and his spouse own real property as

---

[1] In the amount of $57,385.93, plus late charges, and interest at the rate of eight percent per annum from August 1, 1996 until paid (the "Judgment"), which the Creditor asserts as of the filing of the Debtor's bankruptcy petition is $162,221.06 and costs. (Bankr. Doc. 44, ¶¶ 5, 7 & Exh. A)

2

tenants by the entireties (the "Property").  (Bankr. Doc. 44, ¶ 11 & Ex. C).  The domesticated judgment constituted a properly perfected lien upon the Property (the "Judicial Lien").  (Bankr. Doc. 44, ¶ 12).

Thereafter, on May 28, 2019, the Debtor filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code in the Bankruptcy Court for the Western District of North Carolina.  (Bankr. Doc. 1).  The Debtor's spouse did not file a bankruptcy petition.  *Id.*

### B. The Debtor's Bankruptcy Petition and Confirmed Chapter 13 Plan

At the time of filing his bankruptcy petition, the Debtor filed his bankruptcy schedules, valuing the Property at $400,000.00 and claiming a $35,000 homestead exemption under North Carolina General Statute § 1C-1601(a)(1).  (Bankr. Doc. 1, Schedules A/B & C at 9, 18).  The Debtor listed the Creditor as the holder of a secured claim on the Property in the amount of $57,000.00.  (Bankr. Doc. 1, Schedule D at 21).  The Debtor scheduled TD Bank, N.A. as holding two additional secured claims on the Property, in the total amount of $314,807.00.  *Id*.

The Debtor also filed an initial Chapter 13 plan and amended Chapter 13 plan on the petition date.  (Bankr. Docs. 2 & 4).  He filed an additional amended Chapter 13 plan the next day, which was ultimately confirmed (the "Chapter 13 Plan" or the "Plan").  (Bankr. Docs. 4 & 6). Among other things, the Plan partially avoided the Judicial Lien on Debtor's interest in the Property pursuant to section 522(f) of the Bankruptcy Code.  (Bankr. Doc. 4 at 4).  The Plan provided that the Judicial Lien would be "treated as avoided to the extent it impairs [Debtor's exemptions] upon entry of the order confirming the Plan and avoided . . . upon completion of the Plan."  *Id.*  After partially avoiding the Judicial Lien, the Chapter 13 Plan provided the Creditor with (1) a secured claim on the Property in the amount of $7,500.00 with interest at 7.5% which

3

would be paid in full during the course of the Plan, and (2) an unsecured claim for the amount of the judicial lien that was avoided to be paid with other general unsecured creditors. *Id*.

Prior to confirmation of the Chapter 13 Plan, the Creditor did not object to the Chapter 13 Plan, its Judicial Lien avoidance, the amount of the Creditor's secured claim in the Plan, the treatment of the Creditor's secured claim in the Plan, or the value of the Property. (Bankr. Doc. 58 at 4).

### C. The Creditor's Motion for Relief from Stay

On February 11, 2020, the Creditor filed a Motion for Relief from the Automatic Stay and Co-Debtor Stay (the "Motion"). (Bankr. Doc. 44). In the Motion, Creditor sought relief from the automatic stay under section 362 of the Bankruptcy Code as to the Debtor and section 1301 co-debtor stay as to the non-filing spouse in order to exercise his *in rem* rights against the Property. *Id*. The Debtor opposed the Motion to the extent it sought relief from the automatic stay against the Debtor under section 362. (Bankr. Doc. 48). The Bankruptcy Court granted the Creditor relief from the co-debtor stay but directed additional briefing, and heard argument, regarding whether the Creditor was entitled to relief from the automatic stay as to the Debtor. (Bankr. Doc. 55).

On August 27, 2020, the Bankruptcy Court entered its Order Denying Motion for Relief from Automatic Stay (the "Stay Order"). (Bankr. Doc. No. 67). The Bankruptcy Court's Order concluded the Creditor was bound by the Chapter 13 Plan confirmation, relying in part on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). The Creditor appealed the Stay Order to this Court soon after. (Bankr. Doc. 69).

### III. STANDARD OF REVIEW

This Court has jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). "An order granting or denying relief from the automatic stay is final

and appealable." *In re Lee*, 461 Fed. App'x 227, at 231 (4th Cir. 2012); *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 864 (4th Cir. 2001). The Fourth Circuit applies two standards of review for bankruptcy appeals: "The Bankruptcy Court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error." *Campbell v. Hanover Ins. Co.*, 457 B.R. 452, 456 (W.D.N.C. 2011); *In re Lee*, 461 Fed. App'x at 231. "Typically, mixed questions of law and fact are also reviewed *de novo*." *Suntrust Bank v. Den-Mark Const., Inc.*, 406 B.R. 683, 686 (E.D.N.C. 2009); *see In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

Additionally, "[a] decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). Abuse of discretion occurs if the court's "conclusion is guided by erroneous legal principles . . . or rests upon a clearly erroneous factual finding." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). The reviewing court "is obligated to consider the full record as well as the reasons assigned by the Trial Court for its judgment, and to reverse the judgment below, if after such review, the appellate court has a definite and firm conviction that the court below committed a clear error of judgment." *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 506 (4th Cir. 1977) (internal quotations omitted).

**IV.    DISCUSSION**

The Creditor appeals the Bankruptcy Court's Stay Order denying the Creditor's Motion for Relief from the Automatic Stay under section 362 of the Bankruptcy Code.

Upon the filing of a bankruptcy case, 11 U.S.C. § 362 operates to automatically enjoin, among other things, the commencement or continuation of an action or proceeding against the debtor, the enforcement against the debtor or property of the estate of a judgment obtained before the bankruptcy case, and any act to enforce any lien against property of the estate or property of

5

the debtor to the extent the lien secures a claim that arose before the bankruptcy case. 11 U.S.C. § 362(a)(1)-(5).

In certain circumstances, section 362(d) allows a court to grant a creditor relief from the automatic stay for various reasons including "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define what constitutes "cause" and courts must make that determinations on a case-by-case basis. *In re Robbins*, 954 F.2d at 345. In so doing, bankruptcy courts must "balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Id.*

### A. The Bankruptcy Court Did Not Err in Denying the Creditor's Motion for Relief from the Automatic Stay for Cause Based on Fourth Circuit Precedent

1. Property of the Bankruptcy Estate and Exemptions

Upon the commencement of a Chapter 13 bankruptcy case, a bankruptcy estate is created pursuant to 11 U.S.C. § 541. It consists of all legal or equitable interests of the debtor in property, subject to certain exceptions not relevant here. 11 U.S.C. § 541(a).

Under North Carolina law, married couples own real property as tenancy by the entirety. *L. & M. Gas Co. v. Leggett*, 273 N.C. 547, 550 (1968). Entireties property "is not owned by either spouse individually, but by the marital unit, with each spouse having an undivided interest in the whole property." *In re Alvarez*, 733 F.3d 136, 140 (4th Cir. 2013). An individual creditor of either spouse has no right to levy on property owned as tenants by the entireties. *Martin v. Roberts*, 177 N.C. App. 415, 418 (2006). A debtor's undivided interest in entireties property is part of that debtor's bankruptcy estate; however, a non-filing spouse's interest in entireties property does not become part of the debtor's bankruptcy estate. *In re Alvarez*, 733 F.3d at 140. In addition, the

6

automatic stay under section 362 of the Bankruptcy Code applies to a debtor's interest in entireties property. *Sovran Bank N.A. v. Anderson*, 743 F.2d 223 (4th Cir. 1984).

Although debtor's interest in property, including entireties property, becomes property of the bankruptcy estate, a debtor may exempt certain property from the estate pursuant to 11 U.S.C. § 522(b). Generally, under section 522, a debtor may exempt funds using exemptions available either under the Bankruptcy Code or under state law. 11 U.S.C. § 522(b). States may opt out of the Bankruptcy Code exemptions, making only exemptions under state law available to the debtor. *Id.* North Carolina has done this. N.C. Gen Stat. § 1C-1601(f).

In addition, section 522(f) of the Bankruptcy Code allows debtors to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien." 11 U.S.C. § 522(f). In other words, if a judicial lien impairs a debtor's exemption, including a homestead exemption, the debtor may avoid the judicial lien to the extent it impairs that exemption. *See In re Sisk*, No. 11-32350, 2011 WL 6153277 (Bankr. W.D.N.C. Dec. 12, 2011).

Here, the Debtor, but not his spouse, filed a Chapter 13 bankruptcy case on May 28, 2019. When the Debtor filed his bankruptcy petition, Creditor held a joint debt against the Debtor and his non-filing spouse, including a Judgment Lien on the Property held as tenants by the entireties. The Debtor claimed a $35,000 homestead exemption in the Property under North Carolina law and by way of the confirmed Chapter 13 Plan pursuant to section 522(f) partially avoided the Creditor's Judicial Lien on the Debtor's interest in the Property.

Upon receipt of a Chapter 13 discharge, the Debtor is no longer personally liable for the joint Judgment owed to the Creditor and the Judicial Lien as to the Debtor's interest in the Property is satisfied. *See* 11 U.S.C. § 524(a). Therefore, the Property may no longer be used to satisfy the

7

Creditor's Judgment against the non-filing spouse unless or until the Property is no longer held as tenancy by the entirety. For this reason, the Creditor argues, relying on a line of Fourth Circuit cases, relief from the automatic stay is appropriate to exercise his *in rem* rights against the non-filing spouse's interest in the Property before Debtor's Judicial Lien is fully avoided.

2. <u>Fourth Circuit Precedent on Joint Creditors' Actions Against Property Held as Tenants by the Entireties with Non-Filing Spouse</u>

Beginning with *Phillips v. Krakower*, the Fourth Circuit has addressed issues that arise when one spouse files bankruptcy with joint obligations secured by property owned as tenants by the entireties. In *Krakower*, the Fourth Circuit concluded a bankruptcy court appropriately deferred entering a discharge in a liquidation bankruptcy case to allow a creditor to seek a judgment against the debtor and non-filing spouse and obtain a lien on property held as tenants by the entireties. 46 F.2d 764 (4th Cir. 1931). The court reasoned that if it did not allow the creditor to obtain judgment and a lien it would "result in a legal fraud" the effect of which would prevent the creditor from reaching the property held as tenants by the entireties. *Id.*

At the time of *Krakower*, property held as tenants by the entireties was not property of the bankruptcy estate. After the Bankruptcy Reform Act of 1978, the broad sweep of the bankruptcy estate included a debtor's interest in property owned as tenants by the entireties. In *Cheppnham Hosp., Inc. v. Bondurant*, the Fourth Circuit considered this issue in a Chapter 7 case and reached the same result. 716 F.2d 1057 (4th Cir. 1983). The court reasoned the "equities on which cases under the previous Bankruptcy Act were decided remain unchanged and the reasoning of *Krakower* is just as persuasive today as it was before the 1978 Act." *Id.* at 1059. Similarly, in *Sovran Bank, N.A. v. Anderson*, the Fourth Circuit concluded "cause" under section 362 existed to

grant relief from the stay and allow the creditor to foreclose relying again on *Krakower*. 743 F.2d 223, 224 (4th Cir. 1984).

In the Stay Order, the Bankruptcy Court found the *Krakower* line of cases inapposite because they each involved Chapter 7 bankruptcy cases. (Bankr. Doc. 67 at 4). The Bankruptcy Court observed that the facts here involve a Chapter 13 bankruptcy case in which the Debtor sought to exempt his interest in the Property under his homestead exemption, partially avoid the Judicial Lien, protect his residence, and pay the Creditor the full value of its non-exempt equity in the Property. The Bankruptcy Court concluded the Creditor was bound by his treatment in the confirmed Chapter 13 Plan and was adequately protected by the terms of the Chapter 13 Plan which provided for payment in full of his partially avoided secured claim.

This Court agrees that the distinction between the Chapter 7 bankruptcy cases there and the Chapter 13 bankruptcy case here is dispositive and concludes the Bankruptcy Court did not abuse its discretion in denying the Creditor's Motion for Relief from Stay.

Chapter 7 and Chapter 13 bankruptcy proceedings have been described as "poles apart" in how they accomplish a fresh start for a debtor. 8 Collier on Bankruptcy ¶ 1300.02 (16th ed. 2021). In both types of cases, with some exceptions, if the debtor successfully completes what is required under the Bankruptcy Code, the debtor will receive a bankruptcy discharge and will no longer be personally liable for his pre-bankruptcy debts. 11 U.S.C. § 524(a). However, the means by which the debtor receives a discharge are vastly different. Chapter 7 bankruptcy cases are liquidation cases, sometimes referred to as "straight" bankruptcy. 6 Collier on Bankruptcy ¶ 700.01. They involve the collection and liquidation of debtor's nonexempt assets and a distribution of the funds received from liquidation for the benefit of creditors. *Id.*

By contrast, Chapter 13 of the Bankruptcy Code allows an individual debtor with regular income to keep his property and adjust his debts. 8 Collier on Bankruptcy ¶ 1300.02. The debtor accomplishes this through a Chapter 13 plan under which the debtor makes reoccurring payments from his regular income for the benefit of creditors for a three to five-year period. 11 U.S.C. § 1322. In exchange for committing his future income to a payment plan, the debtor generally retains his property. 11 U.S.C. § 1327. The Bankruptcy Code sets out specific requirements for Chapter 13 plans, which can be, and often are, modified by the debtor prior to confirmation to ensure creditors are appropriately treated. 11 U.S.C. § 1323. Chapter 13 plans must be confirmed by the bankruptcy court after notice and an opportunity to be heard. 11 U.S.C. § 1324; *see* 8 Collier on Bankruptcy ¶ 1324.01 ("The Code leaves no doubt that the chapter 13 confirmation hearing must be held and must be before the court."). It is well established that a confirmed Chapter 13 plan is binding on creditors. 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor."); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-72 (2010); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502-03 (2015). "Confirmation has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order." *Bullard*, 575 U.S. at 502 (internal citations and quotations omitted).

These "poles apart" methods and purposes of Chapter 7 bankruptcy cases compared to Chapter 13 bankruptcy cases render the *Krakower* line of cases inapplicable. The potential for "legal fraud" is not present in Chapter 13, which is not straight liquidation but rather involves a payment plan and plan confirmation process allowing creditors to participate and object to their treatment. As the court in *Krakower* stated,

> The purpose of the bankruptcy act was to equitable [sic] distribute the assets of distressed debtors among their creditors and to discharge them from further liability

10

> after this had been done. It was never contemplated that it should be used to perpetrate fraud or to shield assets from creditors. It is elementary that a bankrupt is not entitled to a discharge unless and until he has honestly surrendered his assets for the benefit of creditors; and he certainly is not in position to ask a court of bankruptcy, which is a court of equity, to grant him a discharge under the statute, when the effect of the discharge will be to withdraw from the reach of creditors property properly applicable to the satisfaction of their claims.

46 F.2d at 765-66.

Here, in the context of a Chapter 13 bankruptcy case, no equitable distribution of assets to creditors occurs and there is no shielding of assets. Rather, under the Chapter 13 Plan the Creditor receives payment in full for his secured claim as partially avoided under the Plan. Likewise, he receives a notice of and an opportunity to be heard on any concerns he has about the Plan. He has ample opportunity to participate in the Chapter 13 Plan confirmation process. It is undisputed that the Creditor here did not object to the Plan, his treatment under the Plan, or his concern that the Plan did not properly provide for his secured claim given his rights against the Property vis-à-vis the Debtor's non-filing spouse. Unlike the *Krakower* line of cases, the Creditor had the opportunity to raise his concerns well before the Motion was filed, during the Plan confirmation process. If the Bankruptcy Court ultimately overruled the Creditor's objection during the confirmation process and confirmed the Plan, then the Creditor could appeal such decision and his treatment under the Plan. *Bullard*, 575 U.S. at 502-03. The Creditor is simply bound by the Plan.

But, the Creditor argues, he is not objecting to or attacking the Plan but simply trying to exercise his rights in the Property by way of the non-filing spouse. To which, the Bankruptcy Court rightly responded, there is no dispute that the co-debtor stay against the non-filing spouse has been lifted. Creditor can take whatever actions he deems appropriate against the non-filing spouse. The Plan sets forth a clear payment structure under which the Creditor will be paid in full

11

for his partially avoided secured claim and the Judicial Lien will be avoided as to the Debtor's interest in the Property.

The Creditor does not claim that the Debtor is not complying with the Plan. If the Debtor is complying with the Plan and its binding requirements, then lifting the automatic stay as to the Debtor to allow the Creditor to foreclose on the Property would result in an essentially meaningless Plan and confirmation process, negating the purpose and structure of Chapter 13. The result will likely be different if the Debtor fails to comply with the Plan requirements as to the Creditor's secured claim. However, here where the Debtor is complying with the Plan as confirmed there must be meaning and finality to the Plan and confirmation process. That finality is provided by plan confirmation even if the Creditor's treatment of his secured claim may have some adverse effects to him.

The Creditor's attempt at relief from stay against the Debtor is akin to throwing a challenge flag (to review a referee's call) too late in a football game. There exists a finite time – the next snap of the ball – in which to complain.[2] A coach cannot sit back and wait until later in or even after the game to dispute a ruling. Similarly, here, the Creditor had an opportunity to throw a flag and object to his treatment in the Plan and its effect on his *in rem* rights if the Debtor is discharged. But he waited until after the ball had been snapped, vitiating any further review.

A legal fraud is not present here; the Creditor had ample opportunity to raise his concerns and ensure his rights were protected. Now, he seeks to collaterally attack the Chapter 13 Plan, or throw the flag too late, because he is not happy with the effect of the Plan if the Debtor is

---

[2] "Each team is permitted two challenges that will initiate Instant Replay reviews: (a) The Head Coach can initiate a challenge by throwing a red flag onto the field of play before the next legal snap or kick . . . ." 2021 NFL Rulebook, R. 15., § 1, Art. 1(a), https://operations.nfl.com/the-rules/2021-nfl-rulebook/#section-1-initiating-a-replay-review (last visited on Nov. 1, 2021).

discharged and the Creditor's Judicial Lien as to the Debtor's interest in the Property is satisfied. Given the different processes and rights in a Chapter 13 bankruptcy case, the Bankruptcy Court did not abuse its discretion when it concluded, based on established case law, that the Creditor was bound by the Chapter 13 Plan, that the *Krakower* rule applied in Chapter 7 cases are distinguishable, and that the Creditor is adequately protected because his secured claim is being paid in full through the Plan such that cause does not exist to lift the automatic stay.

      **B. The Bankruptcy Court Did Not Err in Holding the Terms of the Debtor's Confirmed Bankruptcy Plan Prevent the Court from Granting the Creditor Relief from the Automatic Stay for Cause**

In denying the Creditor's Motion for Relief from Stay, the Bankruptcy Court relied on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). In *Espinosa*, the Supreme Court concluded a confirmation order that discharged student loan debt without following proper procedural and statutory requirements was a final judgment and was not void. *Id.* at 270-72. The Court reasoned that although the bankruptcy court did not have statutory authority to confirm the chapter 13 plan given the treatment of the student loan debt, the bankruptcy court had jurisdiction to enter the confirmation order. *Id.* The Court noted that the creditor had the opportunity to object to the chapter 13 plan, but did not object, and was therefore bound by the terms of the final confirmation order and confirmed chapter 13 plan. *Id.*

The Creditor argues *Espinosa* is inapplicable here because he is not seeking relief from the Plan confirmation order. Instead, he only seeks to enforce his *in rem* rights against the non-filing spouse's interest in the Property before the Debtor's discharge and the Judicial Lien as to the Debtor's interest is satisfied. For the reasons stated above in Part IV.A.2., the Bankruptcy Court did not abuse its discretion when denying the Creditor's Motion by concluding he is bound by the confirmed Chapter 13 Plan. The Creditor had the opportunity to raise his concerns about the

13

effects the Chapter 13 Plan had on his Judicial Lien. He failed to object. His attempt for relief from the automatic stay as to the Debtor in order to foreclose on the Property is a collateral attack on the Plan, which treated his rights as to the Debtor's interest in the Property in the Plan. The Creditor did not object to the Plan and the Creditor is bound by it and he has received relief from the co-debtor stay. Under the Plan, the Creditor is receiving a full payment of his secured claim. The Bankruptcy Court did not abuse its discretion in concluding the Creditor is adequately protected and cause does not exist to grant relief from the automatic stay, despite adverse effects the confirmed Plan may have on the Creditor.

### C. The Bankruptcy Court Did Not Err in Holding that Debtor's Plan Adequately Protected the Appellant's Rights in Property

Next, the Creditor claims that it is not adequately protected because the Chapter 13 Plan does not pay the Creditor the full value of the Creditor's interest in the Property, including its interest in the non-filing spouse's interest in the Property. Creditor points to section 363(h) of the Bankruptcy Code which authorizes a trustee to sell "both the estate's interest" and the interests of a co-tenant by the entireties to satisfy claims when appropriate. 11 U.S.C.§ 363(h); *Sumy v. Scholssberg*, 777 F.2d 921, 932 (4th Cir. 1985) (holding that when debtor and a non-filing spouse are indebted jointly, the trustee may administer entireties property "for the benefit of joint creditors under § 363(h)"). Further he points to case law wherein courts concluded relief from stay was appropriate in instances where secured creditors claims were not provided for in the Chapter 13 plan. *Matter of Thomas*, 91 B.R. 117 (N.D. Ala. 1988); *In re Welty*, 217 B.R. 907 (Bankr. D. Wyo. 1998).

For the reasons discussed above in Part IV.A.2., the Creditor is bound by the terms of the Chapter 13 Plan, including the value of his secured claim as to the Debtor as determined in the

14

confirmed Chapter 13 Plan. Again the Creditor's Motion is a collateral attack of the Chapter 13 Plan couched as a motion for relief from the automatic stay. If the Creditor was unhappy with the value of his secured claim and his Judicial Lien avoidance he should have objected prior to confirmation of the Plan. Even if the Debtor's Plan did not properly calculate the value of the Creditor's secured claim, the Creditor had an opportunity to object to the confirmation of the Chapter 13 plan and did not. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). The Bankruptcy Court did not abuse its discretion in concluding the Creditor was adequately protected by the Debtor's Plan, in which the Creditor will receive full payment of his partially avoided secured claim against the Debtor.

### D. The Bankruptcy Court's Order Denying the Appellant's Motion for Relief from the Automatic Stay Does Not Constitute an Impermissible Enlargement of the Bankruptcy Court's Jurisdiction

Last, the Creditor, relying on *In re Alvarez*, argues the Bankruptcy Court exceeded its jurisdictional authority by denying his Motion for Relief from the Automatic Stay, which he claims will have the effect of shielding the Property from the Creditor's claim. 733 F.3d 136 (4th Cir. 2013). In *Alvarez*, the bankruptcy court denied a request in an adversary proceeding brought by the debtor and his non-filing spouse to strip off a wholly unsecured junior lien on property held by the spouses in tenancy by the entirety. *Id.* at 139. The Fourth Circuit affirmed, concluding the bankruptcy court did not have the authority to strip off a wholly unsecured junior lien on a non-filing spouse's interest in entireties property because the non-filing spouse's interest in the property was not before the bankruptcy court. *Id.* at 142-43. The court reasoned that while a debtor's plan was binding on creditors pursuant to § 1327(a), "the bankruptcy court is without authority to modify a lienholder's rights with respect to a non-debtor's interest in a property held in a tenancy by the entirety." *Id.* The Fourth Circuit stated that the debtor and his non-filing spouse "were not

15

entitled to obtain the removal of the lien against their entireties property without submitting both parties to the burden of a bankruptcy filing." *Id.*

Here, the Bankruptcy Court did not exceed its jurisdictional authority. The Bankruptcy Court avoided the Creditor's Judicial Lien held on the Debtor's interest in the Property, it did not avoid the Judicial Lien as to the non-filing spouse's interest in the Property. It had jurisdictional authority under 11 U.S.C. § 522(f) to avoid the Judicial Lien as to the Debtor's interest in the Property.

Further, the Bankruptcy Court's Stay Order did not modify the Creditor's Judicial Lien. In *Alvarez*, the debtors sought to entirely strip off a junior lien, meaning the bankruptcy court would have affirmatively ruled on the validity or satisfaction of the creditor's lien on the non-filing spouse's interest in the property. In contrast, here, while the effects of the confirmed Plan and Stay Order may prevent the Creditor from exercising his *in rem* rights against the Property if the Debtor obtains a discharge and the Judicial Lien is avoided as to the Debtor's rights in the Property, the Bankruptcy Court did not affirmatively rule on or modify the Creditor's rights as to the non-filing spouse's interest in the Property. Indeed, if the Bankruptcy Case is dismissed before the Debtor receives a discharge then Creditor will still have his Judicial Lien on the Property, both as to the Debtor and the non-filing spouse. Additionally, if the Debtor is discharged and the Judgment is not otherwise satisfied then if the non-filing spouse ever holds the Property other than tenancy by the entirety, for example through divorce or death, the Creditor may once again seek to enforce his Judgment against the Property. While the Creditor may prefer to exercise his *in rem* rights before the Debtor receives a discharge because the effect of a discharge may limit that ability, the Bankruptcy Court's denial of this Motion did not affirmatively modify his Judicial Lien against the non-filing spouse's interest in the Property.

To be clear, the Court agrees that under *Alvarez* the Bankruptcy Court does not have authority to affirmatively strip off or avoid the Creditor's Judicial Lien as to the non-filing spouse's interest in the Property. This is not what happened here. The Bankruptcy Court took no affirmative action against the Creditor's interest in the non-filing spouse's interest in the Property. Under this Court's standard of review for abuse of discretion, it concludes the Bankruptcy Court did not abuse its discretion, including that it did not exceed its jurisdictional authority, when denying the Creditor's Motion for Relief from the Automatic Stay against the Debtor where the Creditor had the opportunity to raise his concerns about the Judicial Lien during the Plan confirmation process, but did not, and the Debtor is otherwise complying with his Chapter 13 Plan and the Creditor's treatment under the Plan.

## V. CONCLUSION

The decision to grant relief from the automatic stay is within the discretion of the Bankruptcy Court, which must balance the effects of such decision on each side. On appeal from the Bankruptcy Court's Stay Order denying the Creditor's Motion for Relief from the Automatic Stay the Court's review is for abuse of discretion. The Court concludes the Bankruptcy Court did not abuse its discretion when it denied the Creditor's Motion for Relief from Stay.

**IT IS, THEREFORE, ORDERED** that the Bankruptcy Court's Order Denying Motion for Relief from Automatic Stay is **AFFIRMED**.

Signed: November 1, 2021

Robert J. Conrad, Jr.
United States District Judge

17

Case 3:20-cv-00500-RJC   Document 8   Filed 11/02/21   Page 17 of 17